IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

PAUL J BRUNO,

      Petitioner,

v.                               CASE NO. 4:10-cv-00277-RH -GRJ

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,

      Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner, an inmate in the custody of the Florida Department of Corrections, initiated this case by filing a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 on June 25, 2010.  (Doc. 5).The case is presently before the Court on Doc. 14, Respondent's motion to dismiss based upon expiration of the one-year limitation period. Petitioner filed a response to the motion to dismiss, Doc. 16, and therefore this matter is ripe for review.  For the following reasons, it is recommended that the motion to dismiss be granted.

## I. Background

On June 19, 2007, Petitioner received a disciplinary conviction for Disrespect to Officials, pursuant to a disciplinary report ("DR"), log number 564-071036.  As a result of the conviction, Petitioner forfeited gain time.  Petitioner administratively appealed the disciplinary decision by filing a formal grievance at the institution and appealing the denial of the grievance to the Office of the Secretary.  His administrative appeal was denied and filed with the agency clerk on September 28, 2007.  Twenty-seven days

later, on October 26, 2007, Petitioner sought judicial review in state court by filing a petition for writ of mandamus in Leon County Circuit Court.  (Doc. 5, Exh. B).  The circuit court denied extraordinary relief on May 8, 2008.  Petitioner sought review of the decision by filing a petition for writ of certiorari with the First District Court of Appeal.  The First DCA denied the petition for writ of certiorari on its merits on March 4, 2009, with the mandate issuing March 31, 2009.  (Doc. 5).

On March 18, 2010, 352 days after the mandate was issued, Petitioner filed a petition for writ of habeas corpus with the First DCA, challenging the same disciplinary proceedings.  The First DCA *per curiam* denied the habeas petition on May 10, 2010.  That same day, Petitioner gave to prison officials for mailing a motion for enlargement of time, asking this Court to grant a 60-day extension of time to file a federal petition for writ of habeas corpus.  (Doc. 1).  This Court denied Petitioner's motion as premature and directed him to file a §2254 petition using forms provided by the clerk.  (Doc. 2).  Petitioner filed a Petition for Writ of Habeas Corpus on June 25, 2010, challenging the same disciplinary proceedings.  (Doc. 5).

## II.  Respondent's Motion to Dismiss

Respondent filed a motion to dismiss the petition on January 24, 2011, arguing that Petitioner did not timely file his federal petition for writ of habeas corpus within the 1-year deadline, as required by 28 U.S.C. § 2244(d)(1).  Respondent contends that (1) the limitation period commenced on March 31, 2009, when the First DCA issued the mandate denying a writ of certiorari; (2) Petitioner's state habeas petition, filed March 10, 2010, did not toll the statute of limitations and therefore the federal petition is untimely; and, (3) even if the state habeas petition did toll the statute of limitations, the

federal petition was still filed beyond the 1-year statute of limitations.  (Doc. 14).

In his response to the motion to dismiss, Petitioner contends that (1) the state habeas petition tolled the statute of limitations; (2) collateral estoppel is not applicable to the instant case; and, (3) the Department of Corrections violated his due process rights.  (Doc. 16).

### III.  Discussion

A one-year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment and runs from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*28 U.S.C. § 2244(d)(1).*

Respondent contends that § 2244(d)(1)(A) is the applicable statutory trigger, and Petitioner does not challenge this assertion.[1]  In determining what procedures are

---

[1]"The Eleventh Circuit has not determined which statutory trigger applies to § 2254 petitions challenging prison disciplinary proceedings."  *Harris v. McNeil, 2008 U.S.*

encompassed in the direct review process for purposes of § 2244(d)(1)(A) where a petitioner is challenging prison disciplinary proceedings, this Court previously has held that direct review consists of the administrative appeal process set forth in the Florida Administrative Code.  *Harris v. McNeil, 2008 U.S. Dist LEXIS 113783, *5-6 (N. D. Fla. 2008).*  This process consists of review by the warden of the institution and appeal to the Office of the Secretary of the Department of Corrections.  The direct review process concludes when the Secretary's response to the inmate's appeal is filed with the state agency clerk.  Subsequent review by the circuit court is "in the nature of a collateral proceeding."  *Id.*

    In the instant case, Petitioner availed himself of the direct review process provided by the Department of Corrections, and direct review concluded when the Secretary's response to Petitioner was filed with the DOC clerk on September 28, 2007. (Doc. 14, Exh. F, p. 26).  Absent any tolling of the statute of limitations, the one-year period would expire on September 28, 2008.  However, in the instant case, Petitioner sought state court review of the disciplinary proceedings.  The writ of mandamus was filed by Petitioner on October 26, 2007 and served to toll the statute of limitations. Twenty-seven (27) days elapsed between the conclusion of direct review and the tolling of the statute of limitations.  Tolling continued until March 31, 2009, when the 1st DCA issued its mandate denying a writ of certiorari.  Because 27 of the 365 days had already lapsed, Petitioner still had 338 days from March 31, 2009 to file a federal habeas

---

*Dist LEXIS 113783 (N. D. Fla. 2008).*  Because the parties do not dispute that § 2244(d)(1)(A) is the appropriate trigger this Court does not need to address whether another provision would apply.

petition or initiate some other action that would toll the statute of limitations.  Thus, Petitioner had until March 5, 2010 to file his habeas petition or take some other action that would have tolled the statute of limitations.  Petitioner filed his state habeas petition on March 18, 2010 and his federal habeas petition on June 25, 2010.  Accordingly, even assuming, *arguendo*, that the filing of a state habeas petition would have tolled the statute of limitations, it would not make any difference in this case because the state habeas petition was filed *after* the limitation period had expired.  More importantly, Petitioner's Motion For Enlargement of Time , Doc.1, and Petitioner's petition in this case, Doc. 5, were filed on May 12, 2010 and June 25, 2010 respectively well beyond the March 5, 2010 expiration of the limitation period.

Accordingly, Respondent's motion to dismiss should be granted, and the habeas petition should be dismissed.[2]

## IV.  Conclusion

For the foregoing reasons it is respectfully **RECOMMENDED**:

1.  That Respondent's motion to dismiss (Doc. 14) should be **GRANTED.**

2.  That the Petition for a Writ of Habeas Corpus (Doc. 5) should be **DISMISSED** with prejudice as untimely.

**IN CHAMBERS**  this 11th day of August 2011.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

---

[2] Petitioner has not asserted grounds for applying equitable tolling, and to the extent he did so in his motion for enlargement of time, Doc. 1, nothing alleged in that filing gives rise to the extraordinary circumstances necessary to toll the limitation period for equitable reasons.

## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.