# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

PAUL J. BRUNO,

      Petitioner,

v.                          CASE NO. 4:10cv277-RH/GRJ

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,

      Respondent.

_____/

## ORDER OF DISMISSAL

The petitioner is a state prisoner who lost gain time based on an administrative conviction for a disciplinary violation. He challenges the conviction under 28 U.S.C. § 2254. The case is before the court on the magistrate judge's report and recommendation, ECF No. 19, which concludes that the § 2254 petition is untimely. No objections have been filed.

The petitioner filed a grievance and appealed it through the administrative process as required in order to exhaust his administrative remedies. The final decision rejecting the administrative challenge was issued on September 28, 2007.

On October 26, 2007, the petitioner filed a state judicial challenge, finally losing in the appellate court on March 31, 2009.  The petitioner filed another state judicial challenge on March 18, 2010, finally losing on May 10, 2010.  The petitioner filed on the same day, May 10, 2010, a motion to extend the deadline for filing a federal § 2254 challenge.  He filed this § 2254 proceeding on June 25, 2010.

The statute of limitations for a § 2254 proceeding is one year from the date when the challenged conviction became final "by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1).  But the limitations clock is tolled while a properly-filed state collateral attack is pending.  *Id*., § 2244(d)(2).  The clock thus was tolled from October 26, 2007, until March 31, 2009—while the petitioner's first state judicial challenge was pending—and from March 18, 2010, until May 10, 2010—while the petitioner's second state judicial challenge was pending.  Even so, this § 2254 petition was untimely unless two other periods are *both* also excluded: the period between the final administrative decision on September 28, 2007, and the filing of the first judicial challenge on October 26, 2007; and the period from the filing of the motion to extend the federal deadline on May 10, 2010, to the filing of the § 2254 petition on June 25, 2010.  If the limitations clock was running during either of those critical periods, this petition was untimely.  This is so because the limitations clock was plainly running—there is no basis for contending otherwise—between

March 31, 2009, when the petitioner finally lost his first state judicial challenge, and March 18, 2010, when the petitioner filed his second state judicial challenge. This was 352 days, leaving the petitioner only 13 more days on the one-year limitations clock.

I conclude that the limitations clock was running during the second of the two critical periods—the period after the petitioner filed a motion to extend the § 2254 deadline but before he actually filed the petition. This is so because a motion to extend the deadline for filing a § 2254 petition does not, without more, extend the deadline. Nothing in the statute provides the slightest basis for concluding that a petitioner can unilaterally extend the limitations period simply by filing a motion to extend the deadline, unsupported by facts that would be sufficient to invoke the doctrine of equitable tolling. The petitioner has alleged no facts sufficient to invoke that doctrine.

This ruling makes it unnecessary to decide whether the limitations clock also was running during the first of the two critical periods—the period between the final administrative decision and the first state judicial challenge. The clock was running during that period only if the first judicial challenge was not "direct review" of the administrative decision. *See* 28 U.S.C. § 2244(d)(1). I neither adopt nor reject the conclusion in the report and recommendation that the clock was running during that period.

For these reasons,

IT IS ORDERED:

The report and recommendation is ACCEPTED for the reasons set out in this order.  The respondent's motion to dismiss, ECF No. 14, is GRANTED.  The clerk must enter judgment stating, "This case is DISMISSED with prejudice as untimely."  The clerk must close the file.

SO ORDERED on September 13, 2011.

<u>Robert L. Hinkle</u><br>
United States District Judge